UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

|  |  |
|---|---|
| ROOF & RACK PRODUCTS, INC., | ) |
| Plaintiff, | ) Case No: |
| v. | ) |
| GYB INVESTORS, LLC | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Roof & Rack Products, Inc. ("Roof and Rack") brings this action for infringement under the copyright laws of the United States (Count I) and for damages for breach of contract (Counts II and III) against GYB Investors, LLC ("GYB") and in support thereof states as follows:

## PARTIES

1. Plaintiff, Roof and Rack, is a business organization incorporated under the laws of Florida. Since at least 2001, Roof and Rack's principal place of business has been located at 6421 Congress Ave., Suite 117, Boca Raton, Palm Beach County, Florida 33487.

2. Upon information and belief, Defendant, GYB is a limited liability corporation incorporated under the laws of Texas.

3. Upon information and belief, GYB's principal place of business is c/o Galveston Yacht Basin Marina, 915 Holiday Drive North, Galveston, TX 77550.

## JURISDICTION AND VENUE

4.      This Court has exclusive subject matter jurisdiction over Count I of this civil action (copyright infringement) pursuant to 28 U.S.C. § 1338(a).

5.      This Court has subject matter jurisdiction over Counts II and III of this civil action (breach of contract) pursuant to 28 U.S.C. § 1367 because Counts II and III are so related to Count I that they form part of the same case or controversy under Article III of the United States Constitution.

6.      In addition this Court has original jurisdiction over Counts II and III of this civil action (breach of contract) pursuant to 28 U.S.C. § 1332 (a) as there is diversity of citizenship between the parties (citizens of different states) and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over GYB at least pursuant to Fla. Stat. §48.193(1)(a), (f)-(g).  Specifically, and without limiting the foregoing, GYB has conducted business with Roof and Rack via e-mails sent into this judicial district and division, telephone calls into this judicial district and division, and payments mailed into this judicial district and division

8.      Venue is appropriate in this judicial district pursuant to a forum selection clause in a written agreement (see Paragraph 11 below) that provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida.

## FACTS COMMON TO AND APPLICBLE TO ALL COUNTS

9. Roof and Rack is a world renowned designer, engineering and drystack boat storage construction company and has particular expertise in the design, engineering and construction of drystack boat storage marinas. Roof and Rack is one of only several companies with expertise in the design engineering and construction of drystack boat storage marinas.

10. Defendant GYB Investors LLC sought to develop a drystack boat storage facility within their marina in Galveston, Texas, to be operated under the name Galveston Yacht Basin Marina. GYB sought out Roof and Rack, at least in part based on Roof and Rack's expertise and the limited number of entities with expertise in the design, engineering and construction of drystack boat storage marinas.

11. Roof and Rack and GYB entered into a written agreement, or contract, dated May 3, 2012, a copy of which is attached as Exhibit A, in which GYB identifies itself as the owner of the Galveston Yacht Basin Marina.

12. Insofar as relevant to Counts I, II and III of the present complaint, the Agreement between Roof and Rack and GYB further provides:

(a) Roof & Rack shall provide the necessary building design and structural drawings for $20,000. (Agreement ¶ 1);

(b) The parties hereby confirm their intention that Roof & Rack perform building fabrication and construction services in the attached proposal, subject to the parties reaching final agreement on the terms and conditions to be included in the attached proposal. (Agreement ¶ 2)

(c) In the event the parties are unable to reach agreement, it is understood that all drawings prepared by Roof & Rack shall remain the property of Roof & Rack, and Owner

3

shall <u>not</u> be free to utilize Roof & Rack's drawings without the express consent of Roof & Rack. (Agreement ¶ 2) (Emphasis in original)

(d) The Owner understands and agrees that for any reason should they elect not to use Roof & Rack Products, Inc., to fabricate and construct the structure being designed and engineered, the Owner will <u>not</u> use a design that is the same, similar too or moderately different than the one that is being engineered by Roof & Rack Products, Inc. (Agreement, ¶ 2) (emphasis added);

(e) Provided the parties reach final agreement … the $20,000 paid for the drawings will be applied against the contract price reflected in the proposal, thereby reducing the remaining balance of the contract price to $874,975.00. (Agreement ¶ 3)

(f) This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida. (Agreement ¶ 9)

13. Roof and Rack duly prepared the drawings, was paid $20,000 but was not awarded the fabrication and construction contract for the Galveston Yacht Basin.

14. Roof and Rack has met all conditions precedent to the bringing of this action and/or the performance of any conditions precedent not met has been waived.

15. Roof and Rack did not give express consent to GYB or anyone else to utilize the drawings prepared by Roof and Rack beyond the limited right in the Agreement.

16. Roof and Rack has agreed to pay its attorneys a reasonable fee for bringing and prosecuting this civil action.

17. GYB has used Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Marina contrary to the provisions in paragraph 2 of the Agreement.

18.     GYB has used Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina without the express consent of Roof and Rack contrary to the provisions in paragraph 2 of the Agreement.

19.     GYB has used a design for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina that is the same, similar too or moderately different than the one that has been engineered by Roof & Rack Products, Inc. contrary to the provisions of paragraph 2 of the Agreement.

## COUNT I

## COPYRIGHT INFRINGEMENT

20.     Roof and Rack repeats and realleges Paragraphs 1 – 19 above as fully and completely as if set forth herein.

21.     Roof and Rack is the owner of the copyright in and to the drawings prepared under the aforementioned Agreement and has the exclusive right to sue for copyright infringement.

22.     Roof and Rack has, prior to the filing of this civil action, applied for registration of its copyrights in and to the drawings that are the subject matter of the Agreement pursuant to 17 U.S.C. § 408.

23.     Roof and Rack has complied with all statutory requirements that are a predicate to bringing this Count I.

24.     Within the three years next preceding the filing of this Civil Action, GYB violated Roof and Rack's exclusive rights in and to its copyrights contrary to the provisions of at least 17 U.S.C. § 106 (1) and (2) thus infringing Roof and Rack's copyright contrary to 17 U.S.C. § 501.

25. In addition, within the three years next preceding the filing of this Civil Action, GYB has contributorily infringed Roof and Rack's exclusive rights in and to its copyrights by assisting at least one other entity to directly infringe Roof and Rack's exclusive rights in and to its copyrights and to facilitate such other entities initial entry into the specialized field of design, engineering and construction of drystack boat storage within marinas.

26. Upon information and belief such other entity and/or entities referred to in the immediately preceding paragraph have no previous expertise in the design, engineering, construction and/or fabrication of drystack boat storage facilities within marinas but are now able to compete with Roof and Rack and to claim such expertise based on their infringing activities and the illicit activities of GYB.

27. The activities of GYB have been to the injury and detriment of Roof and Rack.

28. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

29. The activities of GYB have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

    (a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

    (b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

    (c) An award of damages and profits pursuant to 17 U.S.C. § 504;

    (d) An award of taxable costs; and

    (e) For such other and further relief as to the Court appears just and proper.

## COUNT II

### BREACH OF CONTRACT

30. Roof and Rack repeats and realleges Paragraphs 1 – 19 and 26 above as fully and completely as if set forth herein.

31. Any actions required to be performed by Roof and Rack has been performed and/or the performance thereof prevented or excused by GYB's own conduct.

32. GYB's activities as described above are contrary to the express paragraphs of the Agreement and constitute breach of contract.

33. The actions of GYB as described above are the direct and proximate cause of injury to the Roof and Rack, including loss of future business.

34. The actions of GYB have been to the injury and detriment of Roof and Rack in an amount to be determined at trial but in no event less than money that Plaintiff would have received under the contract, namely, $874,975.00.

**WHEREFORE**, Roof and Rack prays that this Court award it damages in an amount to be determined at trial but in no event less than $874,975.00 plus reasonable attorney fees, costs, and such other and further relief as to the Court appears just and proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING

35. Roof and Rack repeats and realleges paragraphs 1 – 19 and 26 above as fully and completely as if set forth herein.

7

36. GYB requested that Roof and Rack negotiate a contract for the fabrication and construction of the drystack boat storage marina structure through GYB's agent and general contractor Mission Constructors, Inc. (hereafter General Contractor).

37. On or about January 11, 2013, the General Contractor gave Roof and Rack a written authorization to proceed and to complete shop drawings that provide the specifications for the materials necessary to erect the drystack boat storage marina structure.

38. However, later on that same date, the General Contractor e-mailed Roof and Rack stating that GYB had changed its mind and that Roof and Rack was <u>not</u> to proceed any further on the fabrication and construction of the drystack boat storage marina structure.

39. Finally, on or about January 18, 2013, GYB admitted to Roof and Rack that it (GYB) was "going in a different direction" thus repudiating and breaching the contract.

40. GYB's repudiation went to the heart of the contract and deprived Roof and Rack of its benefit under the contract

41. The activities of GYB were contrary to the obligation of good faith and fair dealing that is implicit in every contract in the State of Florida.

42. The activities of GYB were to the injury and damage to Roof and Rack in an amount to be determined at trial but in no event less than the amount Roof and Rack would have earned under the contract, to wit: $874,975.00.

43. Roof and Rack reserves the right to amend this Complaint to add additional counts and parties as discovery may dictate.

**WHEREFORE**: Roof and Rack Roof and Rack prays that this Court award it damages in an amount to be determined at trial but in no event less than $874,975.00 plus reasonable attorney fees, costs, and such other and further relief as to the Court appears just and proper.

Dated: June 6, 13
Boca Raton, Florida

                    Respectfully submitted,

                    DAVID A. CARTER, P.A.
                    *Counsel for Roof & Rack Products, Inc.*
                    One Lincoln Place
                    1900 Glades Road, Suite 401
                    Boca Raton, FL 33431
                    Telephone: (561) 750-6999
                    Facsimile: (561) 356-0960


                    By: /s/ David A. Carter
                    DAVID A. CARTER
                    Florida Bar No. 861278
                    dacpa@bellsouth.net
                    JESSE STELLATO
                    Florida Bar No. 72883
                    jesse.stellato@gmail.com


                    SCHNEIDER ROTHMAN INTELLECTUAL
                        PROPERTY LAW GROUP PLLC.
                    *Counsel for Roof & Rack Products, Inc.*
                    By: /s/ Jerold I. Schneider
                    Florida Bar No. 0026975
                    P.O. Box 812182
                    Boca Raton, FL 33481
                    561.404.4350
                    jerold.schneider@sriplaw.com