UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80575-CIV-HURLEY/HOPKINS

|  |  |
|---|---|
| **ROOF & RACK PRODUCTS, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **GYB INVESTORS, LLC**, **JOHN SULLIVAN and GREGORY PAPPAS** | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

Plaintiff, Roof & Rack Products, Inc. ("Roof and Rack") brings this action for Copyright Infringement (Counts I - III), Violation of the Digital Millennium Copyright Act (Count IV), and for damages for breach of contract (Counts V and VI) against GYB Investors, LLC ("GYB"), John Sullivan and Gregory Pappas, jointly and severally and in support thereof states as follows:

**PARTIES**

1.     Plaintiff, Roof and Rack, is a business organization incorporated under the laws of Florida. Since at least 2001, Roof and Rack's principal place of business has been located at 6421 Congress Ave., Suite 117, Boca Raton, Palm Beach County, Florida 33487.

2.     Defendant, GYB, is a limited liability corporation incorporated under the laws of Texas.

3.     GYB does business at Galveston Yacht Basin Marina, 915 Holiday Drive North, Galveston, TX 77550.

4. Upon information and belief, John Sullivan is an individual having a place of business in Galveston, Texas and is a "member" of Defendant GYB.

5. Upon information and belief, Gregory Pappas is an individual having a place of business in Galveston, Texas and is a "member" of Defendant GYB.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction over Counts I - IV of this civil action pursuant to 28 U.S.C. § 1338(a).

7. This Court has subject matter jurisdiction over Counts V and VI of this civil action (breach of contract) pursuant to 28 U.S.C. § 1367 because Counts V and VI are so related to one or more of Counts I – IV that they form part of the same case or controversy under Article III of the United States Constitution.

8. In addition this Court has original jurisdiction over Counts V and VI of this civil action (breach of contract) pursuant to 28 U.S.C. § 1332 (a) as there is diversity of citizenship between the parties (citizens of different states) and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over GYB at least pursuant to Fla. Stat. §48.193(1)(a), (f)-(g). Specifically, and without limiting the foregoing, GYB has conducted business with Roof and Rack via e-mails sent into this judicial district and division, telephone calls into this judicial district and division, and payments mailed into this judicial district and division. In addition, this Court has personal jurisdiction over GYB by consent of GYB as set forth in Paragraph 16(f) below.

10. This Court has personal jurisdiction over John Sullivan at least pursuant to Fla. Stat. § 48.193(1)(b) because Sullivan committed tortious acts in Texas causing injury within

2

Florida, the conduct was directed at a Florida corporation, and the harm was exclusively or primarily suffered in Florida.

11. This Court has personal jurisdiction over Gregory Pappas at least pursuant to Fla. Stat. § 48.193(1)(b) because Sullivan committed tortious acts in Texas causing injury within Florida, the conduct was directed at a Florida corporation, and the harm was exclusively or primarily suffered in Florida.

12. Venue is appropriate in this judicial district pursuant to a forum selection clause in a written agreement (see Paragraph 16(f) below) between Roof & Rack and GYB that provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida.

**FACTS COMMON TO AND APPLICBLE TO ALL COUNTS**

13. Roof and Rack is a world-renowned designer, engineering and drystack boat storage construction company and has particular expertise in the design, engineering and construction of drystack boat storage marinas. Roof and Rack is one of only several companies with expertise in the design engineering and construction of drystack boat storage marinas.

14. Defendant GYB Investors LLC sought to develop a drystack boat storage facility within its marina in Galveston, Texas, to be operated under the name Galveston Yacht Basin Marina. GYB sought out Roof and Rack, at least in part based on Roof and Rack's expertise and the limited number of entities with expertise in the design, engineering and construction of drystack boat storage marinas.

15. Roof and Rack and GYB entered into a written agreement, or contract, dated May 3, 2012, a copy of which is attached as Exhibit A, in which GYB identifies itself as the owner of the Galveston Yacht Basin Marina.

16. Insofar as relevant to the present complaint, the Agreement between Roof and Rack and GYB further provides:

> (a) Roof & Rack shall provide the necessary building design and structural drawings for $20,000. (Agreement ¶ 1);
>
> (b) The parties hereby confirm their intention that Roof & Rack perform building fabrication and construction services in the attached proposal, subject to the parties reaching final agreement on the terms and conditions to be included in the attached proposal. (Agreement ¶ 2);
>
> (c) In the event the parties are unable to reach agreement, it is understood that all drawings prepared by Roof & Rack shall remain the property of Roof & Rack, and Owner shall **not** be free to utilize Roof & Rack's drawings without the express consent of Roof & Rack. (Agreement ¶ 2) (emphasis in original);
>
> (d) The Owner understands and agrees that for any reason should they elect not to use Roof & Rack Products, Inc., to fabricate and construct the structure being designed and engineered, the Owner will **not** use a design that is the same, similar too or moderately different than the one that is being engineered by Roof & Rack Products, Inc. (Agreement, ¶ 2) (emphasis added);
>
> (e) Provided the parties reach final agreement … the $20,000 paid for the drawings will be applied against the contract price reflected in the proposal, thereby reducing the remaining balance of the contract price to $874,975.00. (Agreement ¶ 3); and
>
> (f) This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida. (Agreement ¶ 9)

17. Roof and Rack duly prepared the drawings, was paid $20,000 but was not awarded the fabrication and construction contract for the Galveston Yacht Basin.

18. Roof and Rack has met all conditions precedent to the bringing of this action and/or the performance of any conditions precedent not met has been waived.

19. Roof and Rack did not give express consent to GYB or anyone else to utilize the drawings prepared by Roof and Rack beyond the limited right in the Agreement.

20. Roof and Rack has agreed to pay its attorneys a reasonable fee for bringing and prosecuting this civil action.

21. GYB has used and/or instructed others to use Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Marina contrary to the provisions in paragraph 2 of the Agreement.

22. GYB has used and/or instructed others to use Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina without the express consent of Roof and Rack contrary to the provisions in paragraph 2 of the Agreement.

23. GYB has used and/or instructed others to use a design for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina that is the same, similar to or moderately different than the one that has been engineered by Roof & Rack Products, Inc. contrary to the provisions of paragraph 2 of the Agreement.

24. Sullivan and Pappas personally participated in the activities complained of in paragraphs 21 – 23 above.

25. Sullivan and Pappas personally participated in the activities complained of in this Amended Complaint by, *inter alia,* (a) delivering Roof and Rack's copyrighted drawings to one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC; (b) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to use parts or all of Roof and Rack's copyrighted drawings;

(c) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to duplicate parts or all of Roof and Rack's copyrighted drawings; (d) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to modify parts or all of Roof and Rack's copyrighted drawings; (e) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to reproduce parts or all of Roof and Rack's copyrighted drawings; (f) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to prepare derivative works based on Roof and Rack's copyrighted drawings; (g) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to distribute infringing copies of Roof and Rack's copyrighted drawings; (h) distributing infringing drawings from one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC; and (i) distributing infringing drawings from one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, knowing that the Roof and Rack name had been removed therefrom and/or that another entity's name had been added thereto.

26.     Without limiting the allegations in Paragraphs 24 and 25, Sullivan and Pappas met with and/or sent e-mails to and received e-mails from representatives of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid

Global Buildings, LLC, and approved the use of Roof and Rack's copyrighted drawings by one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to *inter alia,* (a) bid on the construction of the dry stack boat storage facility, and (b) fabricate part or all of the dry stack boat storage facility, including but not limited to foundation details, locations of vertical bolts to engage plates attached to vertical beams, reactions, bunker beam details, vent and skylight details.

27. Without limiting the allegations in Paragraphs 24-26 above, Sullivan stated that it was GYB's intent to use the Roof and Rack drawings, to duplicate those drawings for subcontractors, to fabricate and erect the marina buildings utilizing Roof and Rack drawings that GYB had paid for, all without regard to any of Roof and Rack's rights and without regard to any restrictions in the agreement between GYB and Roof and Rack that prohibit such use.

## COUNT I
### COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

28. Roof and Rack repeats and realleges Paragraphs 1 – 27 above as fully and completely as if set forth herein.

29. Roof and Rack is the owner of the copyright in and to the drawings prepared under the aforementioned Agreement and has the exclusive right to sue for copyright infringement.

30. Roof and Rack has, prior to the filing of this civil action, applied for registration of its copyright in and to the drawings that are the subject matter of the Agreement pursuant to 17 U.S.C. § 408.

31. Roof and Rack has complied with all statutory requirements that are a predicate to bringing this Count.

32. Roof and Rack has received from the Register of Copyright the Certificate of Copyright Registration VA00018646874 dated May 23, 2013, a copy of which is attached as Exhibit B.

33. Within the three years next preceding the filing of this Civil Action, GYB, Sullivan and Pappas, jointly and severally, violated Roof and Rack's exclusive rights in and to its copyright contrary to the provisions of at least 17 U.S.C. § 106 (1) - (3) thus infringing Roof and Rack's copyright contrary to 17 U.S.C. § 501.

34. The activities of GYB, Sullivan and Pappas have been to the injury and detriment of Roof and Rack.

35. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

36. The activities of GYB, Sullivan and Pappas have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

(b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

(c) An award of damages and profits pursuant to 17 U.S.C. § 504;

(d) An award of taxable costs; and

(e) For such other and further relief as to the Court appears just and proper.

## COUNT II

**CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

37. Roof and Rack repeats and realleges Paragraphs 1-27 and 29-31 above as fully and completely as if set forth herein.

38. Within the three years next preceding the filing of this Civil Action, GYB, Sullivan and Pappas, jointly and severally, have contributorily infringed Roof and Rack's exclusive rights in and to its copyright by assisting at least one other entity to directly infringe Roof and Rack's exclusive rights in and to its copyright.

39. Without limiting Paragraph 38, such other entities include but are not limited to Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, all of whom were provided with copies of Roof and Rack's copyrighted drawings by one or more of the Defendants.

40. Without limiting Paragraphs 38 and 39, the activities of the Defendants were with the intent and purpose to facilitate such other entities initial entry into the specialized field of design, engineering and construction of drystack boat storage facilities within marinas.

41. Upon information and belief such other entity and/or entities referred to in the immediately preceding paragraph have no previous expertise in the design, engineering, construction and/or fabrication of drystack boat storage facilities within marinas but are now able to compete with Roof and Rack and to claim such expertise based on their infringing activities and the illicit activities of Defendants, jointly and severally.

42. The activities of GYB, Sullivan and Pappas have been to the injury and detriment of Roof and Rack.

43. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

44. The activities of GYB, Sullivan and Pappas have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

    (a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

    (b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

    (c) An award of damages and profits pursuant to 17 U.S.C. § 504;

    (d) An award of taxable costs; and

    (e) For such other and further relief as to the Court appears just and proper.

## COUNT III

**INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

45. Roof and Rack repeats and realleges Paragraph 37 above as fully and completely as if set forth herein.

46. Within the three years next preceding the filing of this Civil Action, GYB, Sullivan and Pappas, jointly and severally, have induced others to infringe Roof and Rack's exclusive rights in and to its copyright by one or more of the following: (a) enticing, (b) persuading, (c) requesting, (d) assisting, (e) encouraging, and/or (f) actively taking steps to facilitate the infringing acts of others and paying others directly or indirectly for the fruits or results of such infringement.

47. Without limiting Paragraph 46, such other entities include but are not limited to Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, all of whom were provided copies of Roof and Rack's copyrighted drawings by one or more of the Defendants, and were provided with instructions relating thereto.

48. Without limiting Paragraphs 46 and 47, the activities of the Defendants were with the intent and purpose to facilitate such other entities initial entry into the specialized field of design, engineering and construction of drystack boat storage facilities within marinas.

49. Upon information and belief such other entity and/or entities referred to in the immediately preceding paragraph have no previous expertise in the design, engineering, construction and/or fabrication of drystack boat storage facilities within marinas but are now able to compete with Roof and Rack and to claim such expertise based on their infringing activities and the illicit activities of Defendants, jointly and severally.

50. The activities of GYB, Sullivan and Pappas have been to the injury and detriment of Roof and Rack.

51. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

52. The activities of GYB, Sullivan and Pappas have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

    (a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

    (b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

    (c) An award of damages and profits pursuant to 17 U.S.C. § 504;

(d) An award of taxable costs; and

(e) For such other and further relief as to the Court appears just and proper.

## COUNT IV

### VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

53. Roof and Rack repeats and realleges Paragraph 45 above as fully and completely as if set forth herein.

54. Roof and Rack's Copyrighted drawings contained copyright management information as that term is defined at least in one or more of 17 U.S.C. § 1202(c) (1), (2), (3), and (6).

55. Within the three years next preceding the filing of this civil action, Defendants GYB, Sullivan and Pappas distributed copies of drawings for the Galveston Yacht Basin Marina Drystack storage which contained copyright management information of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, however such copyright management information did not refer to Roof and Rack and therefore was false and in violation of 17 U.S.C. § 1202(a).

56. The activities referred to in Paragraph 55 were conducted with the intent to enable, facilitate and/or conceal the infringement of Roof and Rack's copyright.

57. Within the three years next preceding the filing of this civil action, Defendants GYB, Sullivan and Pappas distributed copies of drawings for the Galveston Yacht Basin Marina Drystack storage which contained copyright management information of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, but with copyright management of Roof and Rack having been removed therefrom in violation of 17 U.S.C. § 1202(b).

58. The activities referred to in Paragraph 57 were conducted with the knowledge or with reasonable grounds to know, that such actions would induce, enable, facilitate, or conceal an infringement of Roof and Rack's copyright.

59. The activities of GYB, Sullivan and Pappas have been to the injury and detriment of Roof and Rack.

60. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

61. The activities of GYB, Sullivan and Pappas have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 1203(b)(1);

(b) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 1203(b)(2);

(c) An award of damages and profits pursuant to 17 U.S.C. § 1203(b)(3) and §1203(c) (1-3) including Plaintiff's right to elect statutory damages for each violation;

(d) An award of reasonable attorney fees pursuant to 17 U.S.C. § 1203(b)(5);

(e) An award of taxable costs; and

(f) For such other and further relief as to the Court appears just and proper.

## COUNT V

### BREACH OF CONTRACT AGAINST GYB

62. Roof and Rack repeats and realleges Paragraphs 1–27 above as fully and completely as if set forth herein.

63. Any actions required to be performed by Roof and Rack has been performed and/or the performance thereof prevented or excused by GYB's own conduct.

64. GYB's activities as described above are contrary to the express paragraphs of the Agreement and constitute breach of contract.

65. The actions of GYB as described above are the direct and proximate cause of injury to the Roof and Rack, including loss of future business.

66. The actions of GYB have been to the injury and detriment of Roof and Rack in an amount to be determined at trial but in no event less than money that Plaintiff would have received under the contract, namely, $874,975.00.

**WHEREFORE**, Roof and Rack prays that this Court award it damages against GYB in an amount to be determined at trial but in no event less than $874,975.00 plus reasonable attorney fees, costs, and such other and further relief as to the Court appears just and proper.

## COUNT VI

**BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING**

67. Roof and Rack repeats and realleges paragraphs 1–27 above as fully and completely as if set forth herein.

68. GYB requested that Roof and Rack negotiate a contract for the fabrication and construction of the drystack boat storage marina structure through GYB's agent and general contractor Mission Constructors, Inc. (hereafter Mission).

69. On or about January 11, 2013, Mission gave Roof and Rack a written authorization to proceed and to complete shop drawings that provide the specifications for the materials necessary to erect the drystack boat storage marina structure.

70. However, later on that same date, Mission e-mailed Roof and Rack stating that GYB had changed its mind and that Roof and Rack was <u>not</u> to proceed any further on the fabrication and construction of the drystack boat storage marina structure.

71. Finally, on or about January 18, 2013, GYB admitted to Roof and Rack that it (GYB) was "going in a different direction" thus repudiating and breaching the contract.

72. GYB's repudiation went to the heart of the contract and deprived Roof and Rack of its benefit under the contract

73. The activities of GYB were contrary to the obligation of good faith and fair dealing that is implicit in every contract in the State of Florida.

74. The activities of GYB were to the injury and damage to Roof and Rack in an amount to be determined at trial but in no event less than the amount Roof and Rack would have earned under the contract, to wit: $874,975.00.

75. Roof and Rack reserves the right to seek leave to further amend this Complaint to add additional counts and parties as discovery may dictate.

**WHEREFORE**: Roof and Rack Roof and Rack prays that this Court award it damages against GYB in an amount to be determined at trial but in no event less than $874,975.00 plus reasonable attorney fees, costs, and such other and further relief as to the Court appears just and proper.

15

Dated: September 19, 2013
Boca Raton, Florida

        Respectfully submitted,
        DAVID A. CARTER, P.A.


        By: /s/ David A. Carter
        DAVID A. CARTER
        Florida Bar No. 861278
        dacpa@bellsouth.net
        JESSE STELLATO
        Florida Bar No. 72883
        jesse.stellato@gmail.com


        SCHNEIDER ROTHMAN INTELLECTUAL
           PROPERTY LAW GROUP, PLLC.
        *Counsel for Roof & Rack Products, Inc.*
        By: /s/ Jerold I. Schneider
        Florida Bar No. 26975
        4651 N. Federal Highway
        Boca Raton, FL 33431
        561.404.4350
        jerold.schneider@sriplaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of September, 2013 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received Notices of Electronic filing electronically.


        /s/ Jerold I. Schneider
        Jerold I. Schneider
        Florida Bar No. 26975

<u>SERVICE LIST</u>

CIVIL ACTION NO. 9:13-CV-80575-DTKH
<u>United States District Court, Southern District of Florida</u>

Jeffrey A. Backman, Esq.
Jeffrey.backman@gmlaw.com
Meredith H. Leonard Esq.
Meredith.leonard@gmlaw.com
GREENSPOON MARDER P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
*Attorneys for GYB Investors, LLC*
*Via CM/ECF notice*