UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80575-CIV-HURLEY/HOPKINS

|  |  |
|---|---|
| ROOF & RACK PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GYB INVESTORS, LLC and RIGID GLOBAL BUILDINGS, LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

## SECOND AMENDED COMPLAINT

Plaintiff, Roof & Rack Products, Inc. ("Roof and Rack") brings this action for Copyright Infringement (Counts I - III), Violation of the Digital Millennium Copyright Act (Count IV), and for damages for breach of contract (Counts V and VI) against GYB Investors, LLC ("GYB"), and Rigid Global Buildings, LLC ("Rigid"), and in support thereof states as follows:

## PARTIES

1.   Plaintiff, Roof and Rack, is a business organization incorporated under the laws of Florida. Since at least 2001, Roof and Rack's principal place of business has been located at 6421 Congress Ave., Suite 117, Boca Raton, Palm Beach County, Florida 33487.

2.   Defendant, GYB, is a limited liability corporation incorporated under the laws of Texas.

3.   Upon information and belief, GYB is a Texas limited liability company, and all of its members are citizens of Texas

4. Upon information and belief, John Sullivan is a resident of the state of Texas, and is a member of Defendant GYB.

5. Upon information and belief, Gregory Pappas is a resident of the state of Texas, and is a member of Defendant GYB.

6. Upon information and belief, Rigid is a Texas limited liability company, and all of its members are citizens of Texas.

## JURISDICTION AND VENUE

7. This Court has exclusive subject matter jurisdiction over Counts I - IV of this civil action pursuant to 28 U.S.C. § 1338(a).

8. This Court has subject matter jurisdiction over Counts V and VI of this civil action (breach of contract) pursuant to 28 U.S.C. § 1367 because Counts V and VI are so related to one or more of Counts I – IV that they form part of the same case or controversy under Article III of the United States Constitution.

9. In addition this Court has original jurisdiction over Counts V and VI of this civil action (breach of contract) pursuant to 28 U.S.C. § 1332 (a) as there is diversity of citizenship between the parties (citizens of different states) and the matter in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over GYB at least pursuant to Fla. Stat. §48.193(1)(a), (f)-(g). Specifically, and without limiting the foregoing, GYB has conducted business with Roof and Rack via e-mails sent into this judicial district and division, telephone calls into this judicial district and division, and payments mailed into this judicial district and division. In addition, this Court has personal jurisdiction over GYB by consent of GYB as set forth in Paragraph 16(f) below.

11. This Court has personal jurisdiction over John Sullivan under Fla. Stat. § 48.193(1)(a) because Sullivan infringed on a copyright whose owner resides in Florida, committed tortious acts causing injury within Florida, the conduct was directed at a Florida corporation, and the harm was exclusively or primarily suffered in Florida.

12. This Court has personal jurisdiction over Gregory Pappas under Fla. Stat. § 48.193(1)(a) because Pappas infringed on a copyright whose owner resides in Florida, committed tortious acts causing injury within Florida, the conduct was directed at a Florida corporation, and the harm was exclusively or primarily suffered in Florida.

13. This Court has personal jurisdiction over Rigid at least pursuant to Fla. Stat. § 48.193(2)(a) because Rigid performs substantial and not isolated business activities within the state of Florida.

14. Venue is appropriate in this judicial district under forum selection clause in a written agreement (see Paragraph 16(f) below) between Roof & Rack and GYB that provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida.

15. Venue is appropriate in this judicial district under the forum selection clause as to John Sullivan and Gregory Pappas because they each negotiated and communicated with Bill Roof all the points related to the design by Roof and Rack that GYB requested. Bill Roof made clear to John Sullivan and Gregory Pappas that if they wanted Roof and Rack to design the building they would have to pay for the design and agree to use Roof and Rack for the construction. John Sullivan and Gregory Pappas agreed to the terms discussed with Bill Roof. The result of the negotiations and communications was the Agreement between the parties. John

Sullivan and Gregory Pappas are so closely related to the dispute it was foreseeable they would be subject to venue in Florida for infringing the copyright.

16. Venue is appropriate in this judicial district as to Rigid under 28 U.S.C. § 1400(a) because Rigid does business in Florida, maintains a website accessible in Florida, and can be otherwise be found in Florida.

**FACTS COMMON TO AND APPLICBLE TO ALL COUNTS**

17. Roof and Rack is a world-renowned designer, engineering and drystack boat storage construction company and has particular expertise in the design, engineering and construction of drystack boat storage marinas. Roof and Rack is one of only several companies with expertise in the design engineering and construction of drystack boat storage marinas.

18. Defendant GYB Investors LLC sought to develop a drystack boat storage facility within its marina in Galveston, Texas, to be operated under the name Galveston Yacht Basin Marina. GYB sought out Roof and Rack, at least in part based on Roof and Rack's expertise and the limited number of entities with expertise in the design, engineering and construction of drystack boat storage marinas.

19. Roof and Rack and GYB entered into a written agreement, or contract, dated May 3, 2012, a copy of which is attached as Exhibit A, in which GYB identifies itself as the owner of the Galveston Yacht Basin Marina.

20. Insofar as relevant to the present complaint, the Agreement between Roof and Rack and GYB further provides:

    (a) Roof & Rack shall provide the necessary building design and structural drawings for $20,000. (Agreement ¶ 1);

    (b) The parties hereby confirm their intention that Roof & Rack perform building fabrication and construction services in the attached proposal, subject to the

4

parties reaching final agreement on the terms and conditions to be included in the attached proposal. (Agreement ¶ 2);

(c)     In the event the parties are unable to reach agreement, it is understood that all drawings prepared by Roof & Rack shall remain the property of Roof & Rack, and Owner shall <u>not</u> be free to utilize Roof & Rack's drawings without the express consent of Roof & Rack. (Agreement ¶ 2) (emphasis in original);

(d)     The Owner understands and agrees that for any reason should they elect not to use Roof & Rack Products, Inc., to fabricate and construct the structure being designed and engineered, the Owner will <u>not</u> use a design that is the same, similar too or moderately different than the one that is being engineered by Roof & Rack Products, Inc. (Agreement, ¶ 2) (emphasis added);

(e)     Provided the parties reach final agreement … the $20,000 paid for the drawings will be applied against the contract price reflected in the proposal, thereby reducing the remaining balance of the contract price to $874,975.00. (Agreement ¶ 3); and

(f)     This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and exclusive venue for any action to enforce or interpret this agreement shall be in Palm Beach County, Florida. (Agreement ¶ 9)

21.     Roof and Rack duly prepared the drawings, was paid $20,000 but was not awarded the fabrication and construction contract for the Galveston Yacht Basin.

22.     Roof and Rack has met all conditions precedent to the bringing of this action and/or the performance of any conditions precedent not met has been waived.

23.     Roof and Rack did not give express consent to GYB or anyone else to utilize the drawings prepared by Roof and Rack beyond the limited right in the Agreement.

24.     Roof and Rack has agreed to pay its attorneys a reasonable fee for bringing and prosecuting this civil action.

25.     GYB has used and/or instructed others to use Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Marina contrary to the provisions in paragraph 2 of the Agreement.

26. GYB has used and/or instructed others to use Roof and Rack's copyrighted drawings for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina without the express consent of Roof and Rack contrary to the provisions in paragraph 2 of the Agreement.

27. GYB has used and/or instructed others to use a design for the Galveston Yacht Basin Drystack Boat Storage Facility within the Marina that is the same, similar to or moderately different than the one that has been engineered by Roof & Rack Products, Inc. contrary to the provisions of paragraph 2 of the Agreement.

28. Sullivan and Pappas personally participated in the activities complained of in paragraphs 25 – 27 above.

29. Sullivan and Pappas personally participated in the activities complained of in this Amended Complaint by, *inter alia,* (a) delivering Roof and Rack's copyrighted drawings to one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid; (b) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, to use parts or all of Roof and Rack's copyrighted drawings; (c) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, to duplicate parts or all of Roof and Rack's copyrighted drawings; (d) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, to modify parts or all of Roof and Rack's copyrighted drawings; (e) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, to reproduce parts or all of Roof and Rack's

copyrighted drawings; (f) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, to prepare derivative works based on Roof and Rack's copyrighted drawings; (g) instructing, encouraging, requesting, inducing and/or aiding one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to distribute infringing copies of Roof and Rack's copyrighted drawings; (h) distributing infringing drawings from one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid; and (i) distributing infringing drawings from one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, knowing that the Roof and Rack name had been removed therefrom and/or that another entity's name had been added thereto.

30. Without limiting the allegations in Paragraphs 24 and 25, Sullivan and Pappas met with and/or sent e-mails to and received e-mails from representatives of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, and approved the use of Roof and Rack's copyrighted drawings by one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, to *inter alia,* (a) bid on the construction of the dry stack boat storage facility, and (b) fabricate part or all of the dry stack boat storage facility, including but not limited to foundation details, locations of vertical bolts to engage plates attached to vertical beams, reactions, bunker beam details, vent and skylight details.

31. Without limiting the allegations in Paragraphs 24-26 above, Sullivan stated that it was GYB's intent to use the Roof and Rack drawings, to duplicate those drawings for subcontractors, to fabricate and erect the marina buildings utilizing Roof and Rack drawings that

7

GYB had paid for, all without regard to any of Roof and Rack's rights and without regard to any restrictions in the agreement between GYB and Roof and Rack that prohibit such use.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

32.    Roof and Rack repeats and realleges Paragraphs 1 – 31 above as fully and completely as if set forth herein.

33.    Roof and Rack is the owner of the copyright in and to the drawings prepared under the aforementioned Agreement and has the exclusive right to sue for copyright infringement.

34.    Roof and Rack has, prior to the filing of this civil action, applied for registration of its copyright in and to the drawings that are the subject matter of the Agreement pursuant to 17 U.S.C. § 408.

35.    Roof and Rack has complied with all statutory requirements that are a predicate to bringing this Count.

36.    Roof and Rack has received from the Register of Copyright the Certificate of Copyright Registration VA00018646874 dated May 23, 2013, a copy of which is attached as Exhibit B.

37.    Within the three years next preceding the filing of this Civil Action, GYB violated Roof and Rack's exclusive rights in and to its copyright contrary to the provisions of at least 17 U.S.C. § 106 (1) - (3) thus infringing Roof and Rack's copyright contrary to 17 U.S.C. § 501.

38.    The activities of GYB and Rigid have been to the injury and detriment of Roof and Rack.

39.    Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

40.     The activities of GYB and Rigid have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

(b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

(c) An award of damages and profits pursuant to 17 U.S.C. § 504;

(d) An award of taxable costs; and

(e) For such other and further relief as to the Court appears just and proper.

## COUNT II

**CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

41.     Roof and Rack repeats and realleges Paragraphs 1-31 and 33-35 above as fully and completely as if set forth herein.

42.     Within the three years next preceding the filing of this Civil Action, GYB and Rigid, jointly and severally, have contributorily infringed Roof and Rack's exclusive rights in and to its copyright by assisting at least one other entity to directly infringe Roof and Rack's exclusive rights in and to its copyright.

43.     Without limiting Paragraph 42, such other entities include but are not limited to Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, all of whom were provided with copies of Roof and Rack's copyrighted drawings by one or more of the Defendants.

44.     Without limiting Paragraphs 42 and 43, the activities of the Defendants were with the intent and purpose to facilitate such other entities initial entry into the specialized field of design, engineering and construction of drystack boat storage facilities within marinas.

45. Upon information and belief such other entity and/or entities referred to in the immediately preceding paragraph have no previous expertise in the design, engineering, construction and/or fabrication of drystack boat storage facilities within marinas but are now able to compete with Roof and Rack and to claim such expertise based on their infringing activities and the illicit activities of Defendants, jointly and severally.

46. The activities of GYB and Rigid have been to the injury and detriment of Roof and Rack.

47. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

48. The activities of GYB and Rigid have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

(b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

(c) An award of damages and profits pursuant to 17 U.S.C. § 504;

(d) An award of taxable costs; and

(e) For such other and further relief as to the Court appears just and proper.

## COUNT III

**INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

49. Roof and Rack repeats and realleges Paragraphs 1-31 and 33-35 above as fully and completely as if set forth herein.

50. Within the three years next preceding the filing of this Civil Action, GYB and Rigid, jointly and severally, have induced others to infringe Roof and Rack's exclusive rights in

10

and to its copyright by one or more of the following: (a) enticing, (b) persuading, (c) requesting, (d) assisting, (e) encouraging, and/or (f) actively taking steps to facilitate the infringing acts of others and paying others directly or indirectly for the fruits or results of such infringement.

51. Without limiting Paragraph 46, such other entities include but are not limited to Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global Buildings, LLC, all of whom were provided copies of Roof and Rack's copyrighted drawings by one or more of the Defendants, and were provided with instructions relating thereto.

52. Without limiting Paragraphs 50 and 51, the activities of the Defendants were with the intent and purpose to facilitate such other entities initial entry into the specialized field of design, engineering and construction of drystack boat storage facilities within marinas.

53. Upon information and belief such other entity and/or entities referred to in the immediately preceding paragraph have no previous expertise in the design, engineering, construction and/or fabrication of drystack boat storage facilities within marinas but are now able to compete with Roof and Rack and to claim such expertise based on their infringing activities and the illicit activities of Defendants, jointly and severally.

54. The activities of GYB and Rigid have been to the injury and detriment of Roof and Rack.

55. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

56. The activities of GYB and Rigid have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 503;

  (b) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 502;

  (c) An award of damages and profits pursuant to 17 U.S.C. § 504;

  (d) An award of taxable costs; and

  (e) For such other and further relief as to the Court appears just and proper.

## COUNT IV

## VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

57. Roof and Rack repeats and realleges Paragraphs 1-30 and 33-35 above as fully and completely as if set forth herein.

58. Roof and Rack's Copyrighted drawings contained copyright management information as that term is defined at least in one or more of 17 U.S.C. § 1202(c) (1), (2), (3), and (6).

59. Within the three years next preceding the filing of this civil action, Defendants GYB and Rigid distributed copies of drawings for the Galveston Yacht Basin Marina Drystack storage which contained copyright management information of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid, however such copyright management information did not refer to Roof and Rack and therefore was false and in violation of 17 U.S.C. § 1202(a).

60. The activities referred to in Paragraph 59 were conducted with the intent to enable, facilitate and/or conceal the infringement of Roof and Rack's copyright.

61. Within the three years next preceding the filing of this civil action, Defendants GYB and Rigid distributed copies of drawings for the Galveston Yacht Basin Marina Drystack storage which contained copyright management information of one or more of Mission Constructors, Inc., Stanley, Spurling & Hamilton, Inc., Inventure Design, and Rigid Global

Buildings, LLC, but with copyright management of Roof and Rack having been removed therefrom in violation of 17 U.S.C. § 1202(b).

62. The activities referred to in Paragraph 61 were conducted with the knowledge or with reasonable grounds to know, that such actions would induce, enable, facilitate, or conceal an infringement of Roof and Rack's copyright.

63. The activities of GYB and Rigid have been to the injury and detriment of Roof and Rack.

64. Financial payment to Roof and Rack will partially but not completely compensate Roof and Rack for the injury and damage Roof and Rack has suffered.

65. The activities of GYB and Rigid have been deliberate and willful.

**WHEREFORE**, Plaintiff prays for:

(a) A preliminary and permanent injunction against further infringement pursuant to 17 U.S.C. § 1203(b)(1);

(b) Impounding and destruction of infringing copies pursuant to 17 U.S.C. § 1203(b)(2);

(c) An award of damages and profits pursuant to 17 U.S.C. § 1203(b)(3) and §1203(c) (1-3) including Plaintiff's right to elect statutory damages for each violation;

(d) An award of reasonable attorney fees pursuant to 17 U.S.C. § 1203(b)(5);

(e) An award of taxable costs; and

(f) For such other and further relief as to the Court appears just and proper.

## COUNT V

## BREACH OF CONTRACT AGAINST GYB

66. Roof and Rack repeats and realleges Paragraphs 1–31 above as fully and completely as if set forth herein.

67. Any actions required to be performed by Roof and Rack has been performed and/or the performance thereof prevented or excused by GYB's own conduct.

68. GYB's activities as described above are contrary to the express paragraphs of the Agreement and constitute breach of contract.

69. The actions of GYB as described above are the direct and proximate cause of injury to the Roof and Rack, including loss of future business.

70. The actions of GYB have been to the injury and detriment of Roof and Rack in an amount to be determined at trial but in no event less than money that Plaintiff would have received under the contract, namely, $874,975.00.

**WHEREFORE**, Roof and Rack prays that this Court award it damages against GYB in an amount to be determined at trial but in no event less than $874,975.00 plus reasonable attorney fees, costs, and such other and further relief as to the Court appears just and proper.

    Respectfully submitted,

    Polenberg, Cooper, Saunders, & Riesberg, PL
    1351 Sawgrass Corporate Parkway
    Suite 101
    Fort Lauderdale, FL 33323
    (954) 742-9995 (T)
    (954) 742-9971 (F)

By: */s Mark D. Nichols*
    Jon Polenberg (FBN 653306)
    jpolenberg@polenbergcooper.com
    Jude C. Cooper (FBN 366160)
    jcooper@polenbergcooper.com
    Mark D. Nichols (FBN 56580)
    mnichols@polenbergcooper.com