UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80575-CV-HURLEY/HOPKINS

ROOF & RACK PRODUCTS, INC.,

    Plaintiff,

v.

GYB INVESTORS, LLC and
RIGID GLOBAL BUILDINGS, LLC,

    Defendants.
_____/

**ORDER GRANTING RIGID GLOBAL BUILDING, LLC'S MOTION TO DISMISS, AND DISMISSING RIGID GLOBAL BUILDINGS, LLC FOR LACK OF PERSONAL JURISDICTION**

**THIS CAUSE** comes before the Court upon Defendant Rigid Global Buildings, LLC's ("Rigid") Motion to Dismiss [ECF No. 111], filed in response to Plaintiff Roof & Rack Products, Inc.'s ("Roof & Rack") Second Amended Complaint [ECF No. 95] for copyright infringement (Count I), contributory copyright infringement (Count II), and inducement of copyright infringement (Count III) under The Copyright Act of 1976, 17 U.S.C. § 501 ("Copyright Act"), and violation of The Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202(2)(a), (b) (Count IV).  Rigid moves to dismiss for failure to state claim and for "lack of personal jurisdiction," Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer this case to the United States District Court for the Southern District of Texas.  28 U.S.C. § 1404.

### I.    LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), an evidentiary hearing is not required.  *Melgarejo v. Pycsa Panama, S.A.*, 537 Fed.

App'x. 852 (11th Cir. 2013) (citing *Mutual Servs. Ins. Co. v. Frit Indust., Inc.*, 358 F.3d 1312, 1319 n. 6 (11th Cir. 2004)).  When the court does not hold a hearing, the plaintiff must establish a *prima facie* case of personal jurisdiction by presenting "sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict." *Id.*  If the plaintiff makes a *prima facie* case for personal jurisdiction, the defendant then must raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction; if the defendant does so, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009).  The court must construe the allegations in the complaint as true if they are not contradicted by the defendant's evidence; when there is conflicting evidence, the court must construe all reasonable inferences in favor of the plaintiff.  *Frit*, 358 F.3d at 1319.

## II.    BACKGROUND

Plaintiff is Roof & Rack, a Florida firm that designs, engineers, and constructs drystack boat storage facilities.  2d Am. Comp. ¶¶ 1, 17.  GYB Investors, LLC is a Texan LLC that owns a marina in Galveston, Texas.  *Id.* ¶ 2–3, 18.  On May 3, 2012, Roof & Rack contracted with GYB to develop a drystack facility in GYB's marina.  *Id.* ¶ 19.  Under the contract, Roof & Rack would provide GYB "structural drawings" for its drystack facility, *id.* Ex. A. at 2, ¶ 1, with the "inten[tion]" Roof & Rack would construct the drystack facility as well.  *Id.* ¶ 2.  The contract determined the rights Roof & Rack would have to its drawings if the parties could not agree on the proposal.  *Id*

Ultimately, GYB decided against using Roof & Rack to construct the facility.  *Id.*  According to Roof & Rack, GYB then distributed the drawings to four independent contractors, approving their use and instructing the firms to use the drawings to bid on, and construct, the

drystack facility. *Id.* ¶ 30. One such independent contractor was Defendant Rigid, a Texas manufacturer of prefabricated metal structures. *Id.* ¶¶ 29–30.

### III. DISCUSSION

#### A. PERSONAL JURISDICTION

To exercise personal jurisdiction over a non-resident defendant, federal courts in Florida must determine "(1) whether personal jurisdiction exists over the nonresident [defendant] under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The exercise of personal jurisdiction comes in two forms: "specific" or "general." *See e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (differentiating "between general or all-purpose jurisdiction, and specific or case-linked jurisdiction"). In this case, Roof & Rack invokes both. *See* 2d Am. Comp. ¶ 13.

A federal court in Florida has *specific jurisdiction* over a defendant "for any cause of action arising from . . . [c]omitting a tortious act" within the state. § 48.193(1)(a)(2). A defendant commits a tortious act within Florida when it "commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Copyright infringement is a tortious act, *cf. Louis Vuitton*, 736 F.3d at 1353 (holding that "trademark [infringement] claims allege 'tortious acts' for purposes of Florida's long-arm statute"), and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state. *See e.g.*, *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1366 (S.D. Fla. 1999) ("Injury from trademark infringement occurs in the state where the trademark owners resides."). The exercise of specific jurisdiction does not violate due process

3

where (1) "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum," (2) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws," and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton*, 736 F.3d at 1355 (citations omitted).

A federal court in Florida has *general jurisdiction* over any defendant "who is engaged in substantial and not isolated activity" within the state, "whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts construe the phrase "substantial and not isolated activity" to mean "continuous and systematic general business contact" with Florida, *Marina Dodge, Inc. v. Quinn*, 134 So.3d 1103, 1107 (Fla. 4th DCA 2011), a test which is coextensive with the Fourteenth Amendment's due process requirements. *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) ("The reach of this provision [§ 48.193(2)] extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment."). The exercise of general jurisdiction does not violate due process if the defendant's contacts with the state "are so 'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

### 1. SPECIFIC JURISDICTION

Because the copyright owner, Roof & Rack, resides in Florida, Rigid has caused injury there, and Fla. Stat. § 48.193(1)(a)(2) (specific jurisdiction) applies. Therefore, the Court must determine if the exercise of specific jurisdiction would comport with due process by, first, examining "whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's

contacts with the forum." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). For a claim to arise out of or relate to a defendant's contact with the forum state, the contact must be a "but-for cause" of the claim, and the claim must be a "foreseeable consequence" of the contact. *See Oldfield v. Pueblo De Bahia Lora,* S.A., 558 F.3d 1210, 1222–23 (11th Cir. 2009) (holding that a foreign defendant's website advertising its resort was the but-for cause of plaintiff's injury at the resort, but that such an injury was not a foreseeable consequence of that contact); *Fraser v. Smith*, 594 F.3d 842 (11th Cir. 2010) (holding that a foreign defendant's purchase of an American boat and its relationship with an American hotel was the but-for cause of the plaintiffs' injury on the defendant's boat tour, but that such injuries were not a foreseeable consequence of those contacts). As this rule applies to copyright infringement, a plaintiff's claim does not "arise out of or relate to" the defendant's contacts with the forum state unless the plaintiff's claim requires proof of the act that constitutes the defendant's contact with the forum state. For example, when a plaintiff claims a foreign defendant infringes its trademark by advertising, distributing, and selling counterfeit goods in the forum state, and all the defendant's "ties to [the forum state] involve the advertising, selling, and distributing of alleged counterfeit and infringing [goods]" into the state, the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state. *See Louis Vuitton*, 736 F.3d at 1356. Likewise, when a plaintiff claims a defendant infringes its trademark by posting the infringing marks on the defendant's website, and the defendant's contacts with the forum state are that its website is accessible there, the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1285 n.4 (11th Cir. 2008).

To show jurisdiction, Roof & Rack points to the following contacts Rigid has with Florida: since 2011, Rigid has sold 4% of its projects to Florida customers; Rigid has five authorized builders in Florida; Rigid offers its authorized builders the opportunity to train with Rigid for two days in Texas and to cooperatively advertise; Rigid has received certificates of approval from Florida governmental entities; and Rigid maintains a website accessible in Florida, through which potential customers can request quotes. Resp. to Rigid's Mot. to Dismiss 7–10. However, although Rigid does, in fact, have contacts with Florida, these contacts are insufficient to confer specific jurisdiction upon the Court. None of Rigid's contacts with Florida are the but-for cause of Roof & Rack's claims, nor do Roof & Rack's claims require proof of Rigid's contacts with Florida. Rigid, a Texan company, allegedly contracted with GYB, a Texan company, to build a facility in Texas using drawings created in Florida. These events would have occurred even without Rigid's aforementioned contacts. Although Roof & Rack ultimately suffered injury in Florida, Roof & Rack has provided no causal connection between Rigid's contacts in Florida and Roof & Rack's resulting claims. From the evidence before the Court, Rigid did not contract with GYB in in Florida; Rigid did not copy Roof & Rack's drawings in Florida; and Rigid did not distribute infringing copies in Florida. That a plaintiff is located in Florida is insufficient to confer jurisdiction upon a defendant who is not. Accordingly, because Roof & Rack's claims do not arise from or relate to Rigid's contacts with Florida, the Court's exercise of specific jurisdiction would violate due process.

### 2. GENERAL JURISDICTION

A court need not determine that Fla. Stat. § 48.193(general jurisdiction) applies if the exercise of general jurisdiction over the defendant would violate due process. *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) ("With respect to general jurisdiction under Florida's

long-arm statute, . . . [a court] need only determine whether [its] exercise of jurisdiction over [the defendant] would exceed constitutional bounds."). In this case, the exercise of general jurisdiction over Rigid would violate due process. From the evidence before the Court, Roof & Rack has not shown that Rigid maintains continuous and systematic contacts sufficient to render it at home in Florida. *See Daimler AG*, 134 S. Ct. at 754. Rigid is a Texan LLC with its principal place of business in Houston, Texas. Olson Dec. ¶ 4. Rigid's administrative offices and corporate records are located in Texas. *Id*. Rigid's executive officers are located in Texas. *Id*. ¶5. All of Rigid's financial, accounting, and operational decisions are made in Texas. *Id*. Rigid has never operated a business in Florida, engaged in a joint venture in Florida, or ever been incorporated in Florida. *Id*. ¶ 6. Rigid has no Florida phone number, no Florida postal address, no Florida office, and no Florida personnel. *Id*. ¶ 7. Rigid has no Florida bank account, nor any registered agent for service of process in Florida. *Id*. ¶ 8. Rigid does not engineer, design, or fabricate any of its buildings in Florida. *Id*. ¶ 10. Since 2011, Rigid has sold only 100, or 4%, of its 2,500 projects to Florida customers. *Id*. ¶ 15.

For the exercise of general jurisdiction, it is not enough, as Roof & Rack argues, that Rigid has a minimally interactive website accessible in Florida. *See Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010) (recognizing that "'the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum.'") (quoting *McBee v. Delica Co.*, 417 F.3d 107, 124 (1st Cir. 2005)). Nor is it enough that Rigid has received Florida certifications of approval. *See Taylor v. Gutierrez,* 129 So.3d 415, 419 (Fla. App. 3d DCA 2013) ("Attending annual industry conferences in Florida and securing medical certifications issued by the State of Florida during those conferences also does not confer general jurisdiction."). Furthermore,

7

offering advertisement assistance to its Florida authorized builders, as it does to all its authorized builders, does not confer jurisdiction. *Compare Stubbs v. Wyndham Nassau Resort and Cyrstal Place Casino*, 447 F.3d 1357, 1361–62 (11th Cir. 2006) (finding general jurisdiction where the foreign hotel's Florida subsidiaries not only "coordinated over fifty percent of all guests at the hotel" in one year, but the hotel also "listed a Florida telephone number on advertisements, held several bank accounts in Florida, and maintained an attorney agent in Florida."); *see Fraser*, 594 F.3d at 846 ("A defendant does not confer general jurisdiction on the courts of Florida by occasionally soliciting business there."). Likewise, offering builders the opportunity to visit Texas for two days to train cannot confer jurisdiction, when sending its own employees to Florida to train would not. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (declining to find general jurisdiction when a defendant had not only purchased eighty percent of its helicopter fleet in the forum state but also sent its employees there for training). Finally, the Court cannot reasonably infer that the 4% of Roof & Rack sales to Florida comprise a substantial percentage of its revenue,[1] or find that they are anything more than *de minimis*. *See Trs. of Columbia Univ. in City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 793 n.2 (Fla 4th DCA 2009) (listing cases in which general jurisdiction was not found when the total revenue

---

[1] Percentage of sales is only one data point courts use to find general jurisdiction:

> [J]urisdictional analysis does not turn on any talismanic formula or magic number, and instead requires a fact-specific inquiry into the details of the defendant's contacts with the forum state. A large multinational corporate defendant might make less than 1% of its sales to Florida when compared to its massive global sales, but if that 1% constitutes millions of dollars of sales, thousands of transactions, or dozens of stores within Florida, obviously general jurisdiction has a high likelihood of being found. The converse is also true: a small business might make 15% of its total sales within Florida, but that might represent only a handful of actual transactions and only a few hundred dollars, which would be less likely to support a finding of general jurisdiction. Therefore, we emphasize that a "continuous and systematic business contacts" determination requires a holistic analysis of the defendant's relationship with Florida.

*Caiazzo v. American Royal Arts Corp.*, 73 So.3d 245, 259 (Fla. 4th DCA 2011).

Case 9:13-cv-80575-DTKH   Document 131   Entered on FLSD Docket 07/08/2014   Page 9 of 9
ORDER GRANTING RIGID GLOBAL BUILDING, LLC'S MOTION TO DISMISS, AND DISMISSING RIGID GLOBAL BUILDINGS, LLC FOR LACK OF PERSONAL JURISDICTION
*Roof & Rack v. GYB Investors, et al.*, No. 13-80575-CV-Hurley/Hopkins

derived from Florida ranged from less than 1% to 12.9%). Because Rigid does not maintain continuous and systematic contacts with Florida, the exercise of general jurisdiction over Rigid would violate due process.

## IV.   CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** and **ADJUDGED** that:

Defendant Rigid Global Buildings, LLC's Motion to Dismiss [ECF No. 111] is **GRANTED** for lack of personal jurisdiction.

Roof & Rack's claims against Defendant Rigid Global Buildings, LLC's are **DISMISSED WITHOUT PREJUDICE** to the refiling of suit in the proper forum.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 8th day of July, 2014.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*